## In re AUTOMOTIVE REFINISHING PAINT ANTITRUST LITIGATION

### No. 1426.

Judicial Panel on Multidistrict Litigation.

### Nov. 15, 2001.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ,* Judges of the Panel.

### *TRANSFER ORDER*

HODGES, Chairman.

This litigation currently consists of the 22 actions listed on the attached Schedule A and pending in three federal districts as follows: twelve actions in the Eastern District of Pennsylvania, nine actions in the Western District of Pennsylvania, and one action in the District of Delaware.[1] Before the Panel are three motions pursuant to 28 U.S.C. § 1407 for coordinated or consolidated pretrial proceedings. All responding parties in the actions before the Panel agree that centralization is appropriate, but disagree on choice of transferee district.

Plaintiffs in five Eastern District of Pennsylvania actions move for coordinated or consolidated pretrial proceedings in that

---

* Judge Motz took no part in the decision of this matter.

1. The parties have notified the Panel of 35 additional related actions pending as follows: seventeen in the Western District of Pennsylvania; five each in the Western District of Kentucky, District of New Jersey, and Eastern

District of Pennsylvania; and three in the Northern District of Ohio. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

district. All domestic defendants also support 1407 centralization in the Eastern District of Pennsylvania.

Plaintiffs in seven Western District of Pennsylvania actions and two Eastern District of Pennsylvania actions move for coordinated or consolidated pretrial proceedings in the Western District of Pennsylvania. Plaintiff in the District of Delaware action moves for coordinated or consolidated pretrial proceedings in that district.

Interested party plaintiffs in five potential tag-along actions pending in the Western District of Kentucky suggest coordinated or consolidated pretrial proceedings in that district. Plaintiffs in three Eastern District of Pennsylvania actions and one Northern District of Ohio potential tag-along action support transfer to either of these two districts. Plaintiff in another Northern District of Ohio potential tag-along action also supports transfer to that district.

■ On the basis of the papers filed and hearing session held, the Panel finds that the 22 actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share allegations concerning whether defendants participated in a combination or conspiracy to fix, raise, maintain, or stabilize the price of automotive refinishing paint products. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

■ We are persuaded that the Eastern District of Pennsylvania is the appropriate transferee forum for this docket. We note that: i) a grand jury potentially related to this litigation has been convened in the Eastern District of Pennsylvania; ii) a number of the defendants have a nexus in the Northeastern United States, so pertinent documents and witnesses can be expected to be found in that vicinity; and iii) at least some plaintiffs and all domestic defendants support centralization in this district. In addition, twelve of the 22 actions before the Panel and at least five potential tag-along actions are already pending in the Eastern District of Pennsylvania before one judge.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Eastern District of Pennsylvania are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Richard Barclay Surrick for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

## SCHEDULE A

*MDL–1426—In re Automotive Refinishing Paint Antitrust Litigation*

*District of Delaware*

*AARC Distributors Inc. v. E.I. DuPont de Nemours & Co.*, et al, C.A. No. 1:01–4489

*Eastern District of Pennsylvania*

*Car Color & Auto Body Supply Ltd. v. PPG Industries, Inc.*, et al., C.A. No. 2:01–2830

*Golden Motors, Inc. v. PPG Industries, Inc., et al.*, C.A. No. 2:01–2906

*Charles Lessard v. PPG Industries, Inc., et al.*, C.A. No. 2:01-2983

*Randall Boltz v. PPG Industries, Inc., et al.*, C.A. No. 2:01–3020

**1380**

■■■■■■■■■■■■■

*Yuri Shneyder v. PPG Industries, Inc., et al.,* C.A. No. 2:01–3105

*Sajon Investments, Inc. v. PPG Industries, Inc., et al.,* C.A. No. 2:01–3174

*Howard J. Walters v. PPG Industries, Inc., et al.,* C.A. No. 2:01–3206

*Mark Sharone v. Sherwin–Williams Co., et al.,* C.A. No. 2:01–3226

*Nicastro Industries, Inc. v. Sherwin–Williams Co., et al.,* C.A. No. 2:01–3275

*Crawford's Auto Center, Inc. v. E.I. DuPont de Nemours & Co., et al.,* C.A. No. 2:01–3437

*Jacqueline Auto Body, Inc. v. PPG Industries, Inc., et al.,* C.A. No. 2:01–3470

*Pasternacks Paint & Wallpaper Co., Inc. v. Sherwin–Williams Co., et al.,* C.A. No. 2:01–3650

*Western District of Pennsylvania*

*Peter Sahagian v. PPG Industries, Inc., et al.,* C.A. No. 2:01–1159

*Automotive Body & Tire Center, Inc. v. DuPont Performance Coatings, Inc., et al.,* C.A. No. 2:01–1173

*Grant Park Garage, LLC v. PPG Industries, Inc., et al.,* C.A. No. 2:01–1183

*Sid Kaprelian, et al. v. PPG Industries, Inc., et al.,* C.A. No. 2:01–1189

*Affordable Auto Body Carstar, Inc. v. PPG Industries, Inc., et al.,* C.A. No. 2:01–1219

*John Sahagian v. PPG Industries, Inc., et al.,* C.A. No. 2:01–1230

*Anthony Koey v. PPG Industries, Inc., et al.,* C.A. No. 2;01–1231

*Stephen Wilson v. PPG Industries, Inc., et al.,* C.A. No. 2:01–1232

*Precise Autobody, Inc. v. PPG Industries, et al.,* C.A. No. 2:01–1271